# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# Charlottesville Division

| | |
|---|---|
| **CFA INSTITUTE,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | **CIVIL ACTION NO.** |
| § | **3:19-cv-00012-NKM-RSB** |
| **AMERICAN SOCIETY OF PENSION** § | |
| **PROFESSIONALS & ACTUARIES;** § | |
| **AMERICAN SOCIETY OF** § | |
| **PENSION PROFESSIONALS &** § | |
| **ACTUARIES D/B/A NATIONAL** § | |
| **ASSOCIATION OF PLAN ADVISORS;** § | |
| **and AMERICAN SOCIETY OF PENSION** § | |
| **PROFESSIONALS & ACTUARIES D/B/A** § | |
| **AMERICAN RETIREMENT** § | |
| **ASSOCIATION,** § | |
| § | |
| **Defendants.** § | |

## PLAINTIFF'S MOTION TO EXCLUDE THE TESTIMONY OF
## RANY SIMMS AND MEMORANDUM IN SUPPORT

.

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................... - 1 -

ARGUMENT .................................................................................................................................. - 1 -

      A.    JUDGE SIMMS DOES NOT OFFER TESTIMONY ON ISSUES RELEVANT TO THIS CASE ............................................................................ - 2 -

      B.    JUDGE SIMMS DOES NOT OFFER ANY OPINIONS IN HIS REPORT AND INSTEAD PRESENTS AN IMPROPER FACTUAL NARRATIVE UNHELPFUL TO THE TRIER OF FACT ....................................................... - 4 -

      C.    JUDGE SIMMS IMPROPERLY INFERS THE STATE OF MIND OF THE EXAMINING ATTORNEYS AT THE USPTO AND THE THINKING OF CFA INSTITUTE .................................................................. - 7 -

      D.    A FACTFINDER MAY GIVE UNDUE WEIGHT TO JUDGE SIMMS' TESTIMONY AS A FORMER TTAB JUDGE .................................................. - 9 -

CONCLUSION ............................................................................................................................... - 9 -

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re C. Bard, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*,
No. 2187, 2018 WL 4212409 (S.D.W. Va. Sept. 4, 2018) ........................................................7

*In re C.R. Bard, Inc.*,
948 F. Supp. 2d 589 (S.D.W. Va. 2013) .................................................................................5

*Concordia Pharms., Inc. v. Method Pharms., LLC*,
No. 3:14-cv-00016, 2016 WL 1464639 (W.D. Va. Apr. 13, 2016) ..........................................2

*Cooper v. Smith & Nephew, Inc.*,
259 F.3d 194 (4th Cir. 2001) ...................................................................................................2

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
509 U.S. 579 (1993) .............................................................................................................1, 2

*In re Fosamax Prods. Liab. Litig.*,
645 F. Supp. 2d 164 (S.D.N.Y. 2009) .....................................................................................8

*Garlinger v. Hardee's Food Sys., Inc.*,
16 F. App'x 232 (4th Cir. 2001) ..............................................................................................3

*Hines v. Wyeth*,
No. 2:04-0690, 2011 WL 2680842 (S.D. W. Va. July 8, 2011) ..............................................5

*Hines v. Wyeth*,
No. 2:04-0690, 2011 WL 2730908 (S.D.W. Va. July 13, 2011) (clarifying on reconsideration *Hines v. Wyeth*, No. 2:04-0690, 2011 WL 2680842, at *2 (S.D.W. Va. July 8, 2011)) ......................................................................................................5

*Kumho Tire Co., Ltd. v. Carmichael*,
526 U.S. 137 (1999) .................................................................................................................2

*Morgan v. On Deck Capital, Inc.*,
No. 3:17-CV-00045, 2019 WL 4093754 (W.D. Va. Aug. 29, 2019) ....................................8, 9

*Petri v. Va. Bd. of Med.*,
No. 1:13-cv-01486, 2014 WL 5421238 (E.D. Va. Oct. 23, 2014) ........................................3, 4

*Scentsational Techs., LLC v. Pepsi, Inc.*,
No. 13-cv-8645 (KBF), 2018 WL 1889763 (S.D.N.Y. Apr. 18, 2018) ....................................5

*United States v. Offill*,
666 F.3d 168 (4th Cir. 2011) ...................................................................................................8

*United States v. Wilson*,
  484 F.3d 267 (4th Cir. 2007) ........................................................................................................7

*Westberry v. Gislaved Gummi AB*,
  178 F.3d 257 (4th Cir. 1999) ....................................................................................................2, 9

**Statutes**

Trademark Act of 1946 Section 18, 15 U.S.C. § 1068 ...............................................................4, 6

**Other Authorities**

Federal Rule of Evidence 702 ...............................................................................................1, 2, 7

Plaintiff CFA Institute, by and through the undersigned counsel, hereby moves this Court for entry of an Order excluding the testimony and opinions of Defendants' purported expert Rany Simms and precluding him from testifying at trial.

## PRELIMINARY STATEMENT

The testimony of Defendants' proposed expert, Rany Simms, a former Administrative Judge of the U.S. Trademark Trial and Appeal Board ("TTAB") of the U.S. Patent and Trademark Office ("USPTO"), is inadmissible because Judge Simms' proposed testimony on trademark examination practice and procedure before the USPTO is irrelevant to this case. Judge Simms does not offer any opinions in his report, as confirmed in his deposition, but instead offers an improper factual narrative. Moreover, Judge Simms improperly infers the state of mind of Examining Attorneys at the USPTO and the thinking of CFA Institute. For each of these reasons, Judge Simms' testimony should be excluded in its entirety.

## ARGUMENT

Federal Rule of Evidence 702, which codifies the principles set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), governs the admissibility of expert testimony. It provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. In short, to be admissible, expert testimony must be offered by a sufficiently qualified individual, it must be helpful to the trier of fact, and it must be reliable. This applies not only to "scientific" testimony, but also to testimony based on "technical" and "other specialized" knowledge. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999). While Rule 702 "was intended to liberalize the introduction of relevant expert evidence 'courts must recognize that due to the difficulty of evaluating their testimony, expert witnesses have the potential to be both powerful and quite misleading.'" *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001) (quoting *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999)). A trial judge, therefore, should exclude testimony that "has a greater potential to mislead than to enlighten." *Westberry*, 178 F.3d at 261.

Defendants, as the proponent of Judge Simms' testimony, bear the burden of proving its admissibility. *Concordia Pharms., Inc. v. Method Pharms., LLC*, No. 3:14-cv-00016, 2016 WL 1464639, at *3 (W.D. Va. Apr. 13, 2016) (citing *Daubert*, 509 U.S. at 593 n.10). Because Judge Simms' proposed testimony on trademark practice and procedure before the USPTO is not relevant to this case, he does not offer any expert opinions in his report, and he improperly infers the state of mind of CFA Institute and regulatory actors, it is a burden that Defendants cannot meet.

### A. JUDGE SIMMS DOES NOT OFFER TESTIMONY ON ISSUES RELEVANT TO THIS CASE

Although an expert's testimony must rest "on a reliable foundation" and be "relevant to the task at hand," *Daubert*, 509 U.S. at 580, Judge Simms does not offer anything relevant or helpful to the trier of fact in his report. Expert testimony that is "not relevant for determining any issues at hand or material facts" must be excluded. *See Petri v. Va. Bd. of Med.*, No. 1:13-cv-01486, 2014 WL 5421238, at *2, 4 (E.D. Va. Oct. 23, 2014) (finding proposed experts'

testimony on broad scope of chiropractic medicine and a history of its relationship with conventional medicine could not "assist the trier of fact in determining any issue or make a fact consequential to the outcome of the interference claims more or less probable"). While testimony about the general scope of chiropractic medicine, for instance, may be "suited to be heard by the Virginia Legislature," such testimony would not assist a factfinder in determining whether limitations on a chiropractor's practice constitutes improper restraints on interstate trade or commerce. *Id.* at \*6; *see also Garlinger v. Hardee's Food Sys., Inc.*, 16 F. App'x 232, 235 (4th Cir. 2001) (noting there must be a "valid scientific connection between the expert's testimony and the pertinent inquiry before the court as a precondition to admissibility"). General background information that is superficially related to the issues at hand or material facts does not meet this standard.

Judge Simms, a former TTAB Judge, Interlocutory Attorney at the TTAB, and Examining Attorney at the USPTO (Nadling Decl., Ex. 8 (Simms Report) ¶ 1)[1], does not offer any testimony that will assist the trier of fact in this federal court case in determining whether there is a likelihood of confusion between the CPFA mark and Plaintiff's CFA Marks. At the beginning of his report, Judge Simms states that the "ultimate issue in this case is one of likelihood of confusion between Plaintiff's pleaded marks and ARA's mark" (*Id.* ¶ 2), and considers ARA's filed application for its logo mark (*Id.* ¶¶ 12-14). This case does not, however, center on Defendants' applied-for logo mark. It instead involves Defendants' use of a four-letter mark, CPFA, and whether it is confusingly similar to the CFA Marks. (Compl. at 11, ¶ 39 ("Defendants recently adopted and began using the alleged mark CPFA ('Infringing Mark') . . . ."); Compl. at 14, ¶ 48 ("Defendants use and intend to use the Infringing Mark

---

[1] Citations in the form "Nading Decl., Ex. ## (Document)" refer to the Declaration of John M. Nading in Support of Plaintiff's Motions to Strike and/or Exclude the Testimony of Defendants' Purported Experts, dated June 10, 2020, and filed concurrently herewith.

without the authorization of CFA Institute, thereby confusing consumers as to the source of the goods and services and resulting in damage and detriment to CFA Institute and its reputation and goodwill, and harm to its authorized CFA charterholders.").) Accordingly, Judge Simms' discussion of ARA's applied-for logo mark is irrelevant to the issues in the case and unhelpful to the trier of fact.

The practice Judge Simms describes before the USPTO does not assist the factfinder in determining the likelihood of confusion between Defendants' infringing CPFA mark and Plaintiff's CFA Marks. While trademark examination practice and procedure before the USPTO is tangentially connected to trademarks and the function of the USPTO generally, Judge Simms' description does not shed light on the material facts and issues at hand, namely whether there is a likelihood of confusion between the marks at issue in this federal case separate and apart from any determination of registrability generally at the USPTO. *See Petri v. Va. Bd. of Med.*, 2014 WL 5421238, at *6.

Finally, Judge Simms' discussion of Section 18 of the Trademark Act of 1946 ("Lanham Act"), 15 U.S.C. § 1068 (Nadling Decl., Ex. 8 (Simms Report) ¶ 22), is similarly irrelevant to the issues in the case. While Defendants previously sought to cancel by restriction several of Plaintiff's trademarks under Section 18 of the Lanham Act in this action, Defendants' counterclaim has since been dismissed. (*See* Mot. to Dismiss (Dkt. No. 39); Order Granting Mot. to Dismiss (Dkt. Nos. 50 & 51).) As Judge Simms has not offered testimony that is relevant to any issues at hand or material facts, his testimony must be excluded.

    **B. JUDGE SIMMS DOES NOT OFFER ANY OPINIONS IN HIS REPORT AND INSTEAD PRESENTS AN IMPROPER FACTUAL NARRATIVE UNHELPFUL TO THE TRIER OF FACT**

Even if Judge Simms provided any testimony that would be relevant to the likelihood of confusion between the marks CPFA and CFA, his testimony must be excluded because he does

- 4 -

not appear to offer any opinions in his report in the first place. Experts may not offer "lengthy factual narrative[s]," although they may and should present the factual bases for their expert opinions. *In re C.R. Bard, Inc.*, 948 F. Supp. 2d 589, 646 (S.D.W. Va. 2013) (granting in part plaintiffs' motion to exclude factual narratives, but denying motion to the "extent that they may present the bases for their expert opinions"). Testimony that "merely regurgitates factual information . . . is better presented directly to the jury rather than through the testimony of an expert witness." *Hines v. Wyeth*, No. 2:04-0690, 2011 WL 2680842, at *5 (S.D. W. Va. July 8, 2011); *see also Scentsational Techs., LLC v. Pepsi, Inc.*, No. 13-cv-8645 (KBF), 2018 WL 1889763, at *4 (S.D.N.Y. Apr. 18, 2018) (noting it is "inappropriate for experts to act as a vehicle to present a factual narrative of interesting or useful documents for a case, in effect simply accumulating and putting together one party's 'story'"). To this end, an expert "may not simply construct a factual narrative based upon recorded evidence." *Hines v. Wyeth*, No. 2:04-0690, 2011 WL 2730908, at *2 (S.D.W. Va. July 13, 2011) (clarifying on reconsideration *Hines v. Wyeth*, No. 2:04-0690, 2011 WL 2680842, at *2 (S.D.W. Va. July 8, 2011)).

Instead of presenting the factual bases for and alongside his opinions, Judge Simms "merely regurgitates factual information," devoid of any expert opinion. *See Hines v. Wyeth*, 2011 WL 2680842, at *5. Factual information of this nature is best presented to the jury directly rather than through the lens of an expert; mere narration lies outside the bounds of expert testimony. *See Scentsational Techs., LLC*, 2018 WL 1889763, at *4 (noting "mere narration fails to fulfill Daubert's most basic requirements"). In his twenty-five paragraph report, Judge Simms offers no more than background information on USPTO examination practice and procedure, a prior TTAB filing in an unrelated matter, and a constructed narrative.

Following a brief introduction and overview of his qualifications, (Nadling Decl., Ex. 8 (Simms Report) ¶¶ 1-7), Judge Simms describes the USPTO's examination practice and procedure, noting, for instance, that an Examining Attorney "review[s] the records of the USPTO for conflicting marks" and that an interested party may "seek cancellation of the of registration" with the USPTO. (*Id.* ¶¶ 8-11.) Judge Simms then merely summarizes Defendants' logo mark application filed with the USPTO, referring to Defendants' application file history and documents from the USPTO. (*Id.* ¶¶ 12-14.) Judge Simms recites some of Plaintiff's trademark registrations (*Id.* ¶ 15), identifies a collection of marks with the letters "C," "F," and/or "A," (*Id.* ¶ 17), and summarizes Defendants' logo mark application history and the application history of other third-party marks (*Id.* ¶¶ 18-20). Following a brief narrative of Plaintiff's purported options in relation to Section 18 of the Lanham Act (*Id.* ¶¶ 21-22), Judge Simms concludes with a summary of Plaintiff's past responses to the USPTO and a filing in an opposition proceeding before the TTAB (*Id.* ¶¶ 23-25). Although Judge Simms purports to apply his expertise to the case at hand, Judge Simms regurgitates factual information and does not offer any expert opinion.

At best, Judge Simms promises what he "will discuss" as an expert witness at trial, yet offers no opinions or conclusions on these matters. (*Id.* ¶¶ 2-3 (noting he will discuss "the fact that the USPTO . . . did not cite any of Plaintiff's marks (or any other mark) as a basis for refusing ARA's mark," "the practice and procedure that the USPTO employs when examining applications seeking to federally register trademarks, like the application for ARA's mark," and "the significance of some of the statements Plaintiff has made to the USPTO").) Judge Simms fails to offer a single opinion in his report, let alone "explain how [his] experience leads to the conclusion reached, why [his] experience is a sufficient basis for the opinion, and how [his]

experience is reliably applied to the facts." *United States v. Wilson,* 484 F.3d 267, 274 (4th Cir. 2007) (quoting Advisory Committee notes to Rule 702 of the Federal Rules of Evidence).

Confirming the appropriateness of excluding Judge Simms' testimony, Judge Simms could not identify a single opinion in his expert report during his deposition. When asked whether the statements about what he "will discuss" (*see* Nadling Decl., Ex. 8 (Simms Report) ¶¶ 2-3), constituted his opinions, Judge Simms could not identify any statement as an opinion. (Nadling Decl., Ex. 9 (Simms Dep. Tr.) 72:23-74:05.) When asked to identify any opinions in his report, Judge Simms noted that the report was "a fact-based listing of office practice and procedure, listing of third-party registrations, recitations of . . . prior inconsistent statements or potential admissions by plaintiff, things of that nature." (*Id.* 74:20-75:01.) Any opinion held by Judge Simms was never stated but was, in his words, offered "by implication of the listing of the registrations and their effect[.]" (*Id.* 78:02-11.) Judge Simms further noted: "I did not specifically come out and say that, look, plaintiff's mark is very weak because of these . . . third-party registrations, but that is the impact of my report[.]" (*Id.* 78:12-16.) Because Judge Simms fails to offer any opinions in his report, does not explain how his experience and expertise leads to any conclusion, and offers only a constructed, factual narrative, his testimony must be excluded.

**C. JUDGE SIMMS IMPROPERLY INFERS THE STATE OF MIND OF THE EXAMINING ATTORNEYS AT THE USPTO AND THE THINKING OF CFA INSTITUTE**

Judge Simms also lacks knowledge to infer the state of mind of the Examining Attorneys at the USPTO and to infer the thinking of CFA Institute, and this testimony must be excluded. Experts may not offer testimony on the intents, motives, or states of mind of corporations or regulatory actors. *See, e.g.*, *In re C. Bard, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2187, 2018 WL 4212409, at *3 (S.D.W. Va. Sept. 4, 2018) (noting testimony by expert of defendant company's "knowledge, state of mind, or other matters related to corporate conduct" will not

- 7 -

assist the jury); *In re Fosamax Prods. Liab. Litig.*, 645 F. Supp. 2d 164, 192 (S.D.N.Y. 2009) (granting motion to exclude expert's testimony as to "the knowledge, motivations, intent, state of mind, or purposes or Merck, its employees, the FDA, or FDA officials"). Such testimony is not grounded in an individual's expertise and is "not a proper subject for expert or even lay testimony." *Id.* at 192 (noting expert's "regulatory expertise does not give her the ability to read minds").

Judge Simms improperly infers the state of mind of the Examining Attorneys who considered CFA Institute's CFA Marks: "[M]ultiple Examining Attorneys did not consider marks that differed by only one letter from the Plaintiff's registered CFA marks to be conflicting or likely to cause confusion," (Nadling Decl., Ex. 8 (Simms Report) ¶ 19); "The coexistence of these marks . . . also indicates that . . . the USPTO did not find that any of these numerous registrations conflicted with one another in terms of a likelihood of confusion." (*Id.* ¶ 20.) Judge Simms also improperly infers the thinking of CFA Institute in an unrelated opposition proceeding: "Plaintiff's apparent position that even a one-letter difference between marks can be sufficient to distinguish them is apparently consistent with the USPTO position noted above." (*Id.* ¶ 25.) Any experience that Judge Simms possesses does not grant him the "ability to read minds" or to otherwise infer the motives or thinking of the Examining Attorneys, CFA Institute, or any other regulatory or private actor.

Moreover, to the extent that Judge Simms offers these inferences about state of mind as legal conclusions, they are statements of law and inadmissible. *See, e.g.*, *United States v. Offill*, 666 F.3d 168, 175 (4th Cir. 2011) (explaining that legal conclusions are ordinarily excluded but may be admitted in cases that "involve highly technical legal issues"); *Morgan v. On Deck Capital, Inc.*, No. 3:17-CV-00045, 2019 WL 4093754, at *3 (W.D. Va. Aug. 29, 2019) (noting

that "experts may not offer legal conclusions"). Judge Simms may not offer an opinion on the "ultimate legal implications of the facts at issue," and any legal conclusions that Judge Simms offers or infers must be excluded. *See Morgan v. On Deck Capital, Inc.*, 2019 WL 4093754, at *3 (distinguishing expert's opinion where it embraced "an ultimate issue of fact").

Because Judge Simms improperly offers testimony on the state of mind of the Examining Attorneys at the USPTO and the thinking of CFA Institute, his testimony must be excluded.

### D. A FACTFINDER MAY GIVE UNDUE WEIGHT TO JUDGE SIMMS' TESTIMONY AS A FORMER TTAB JUDGE

Finally, the testimony of Judge Simms has the potential to mislead the factfinder, as his status as a former TTAB judge, Interlocutory Attorney before the TTAB, and an Examining Attorney before the USPTO presents the risk that the trier of fact will give undue weight to his testimony. As expert witnesses "have the potential to be both powerful and quite misleading," "proffered evidence that has a greater potential to mislead than to enlighten should be excluded." *Westberry*, 178 F.3d at 261. Although Judge Simms offers testimony that is only tangentially connected to the points at issue in this case, the trier of fact may give undue weight to Judge Simms' status as a former TTAB judge. Because Judge Simms' background heightens the risk that the trier of fact will be misled by his testimony, his testimony must be excluded.

### CONCLUSION

For all of the reasons set forth herein, CFA Institute respectfully requests that its Motion to exclude the testimony and opinions of Judge Simms be granted in its entirety.

Dated: June 10, 2020

DLA Piper LLP (US)

/s/ John M. Nading
Ben Boyd (VA Bar No. 28427)
Ann K. Ford (*admitted pro hac vice*)
John M. Nading (*admitted pro hac vice*)
500 8th Street, NW
Washington, DC 20004
Telephone: 202-799-4000
Facsimile: 202-799-5000
benjamin.boyd@dlapiper.com
ann.ford@dlapiper.com
john.nading@dlapiper.com

*Attorneys for Plaintiff CFA Institute*