## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Charlottesville Division

| | | |
|---|---|---|
| **CFA INSTITUTE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | **3:19-cv-00012-NKM** |
| **AMERICAN SOCIETY OF PENSION** | § | |
| **PROFESSIONALS & ACTUARIES;** | § | |
| **AMERICAN SOCIETY OF** | § | |
| **PENSION PROFESSIONALS &** | § | |
| **ACTUARIES D/B/A NATIONAL** | § | |
| **ASSOCIATION OF PLAN ADVISORS;** | § | |
| **and AMERICAN SOCIETY OF PENSION** | § | |
| **PROFESSIONALS & ACTUARIES D/B/A** | § | |
| **AMERICAN RETIREMENT** | § | |
| **ASSOCIATION,** | § | |
| | § | |
| **Defendants.** | § | |

### REPLY IN SUPPORT OF
### PLAINTIFF'S MOTION TO EXCLUDE
### <u>THE TESTIMONY OF RANY SIMMS</u>

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ....................................................................................... 1

    A.    JUDGE SIMMS' PROPOSED TESTIMONY ON TTAB AND USPTO PRACTICE FAILS TO OFFER ANY OPINIONS ON THE ISSUES IN THIS CASE ....................................................................................... 2

    B.    JUDGE SIMMS' PROPOSED TESTIMONY ON TTAB AND USPTO PRACTICE IS NOT RELEVANT TO THIS CASE AND DEFENDANTS' ARGUMENTS THAT SUCH TESTIMONY IS "GENERALLY ADMISSIBLE" AND "HIGHLY PROBATIVE" ARE INAPPLICABLE .................................................................................. 5

    C.    JUDGE SIMMS' IMPROPERLY INFERS STATE OF MIND ........................... 8

    D.    A FACTFINDER MAY GIVE UNDUE WEIGHT TO JUDGE SIMMS' TESTIMONY AS A FORMER TTAB JUDGE AND THE COURT MAY PROPERLY BAR TESTIMONY AS A GATEKEEPER .................................... 9

CONCLUSION ........................................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alyn v. S. Land Co.*,
   No. 3:15-CV-00596, 2016 WL 7451546 (M.D. Tenn. Dec. 28, 2016) ....................................7

*Am. Cruise Lines, Inc. v. HMS Am. Queen Steamboat Co. LLC*,
   No. 13-cv-324, 2017 WL 3528606 (D. Del. Aug. 16, 2017)....................................4

*Bausch & Lomb, Inc. v. Alcon Labs., Inc.*,
   79 F. Supp. 2d 252 (W.D.N.Y. 2000) ....................................5

*Best Buy Warehouse v. Best Buy Co.*,
   751 F. Supp. 824 (W.D. Mo. 1989), *aff'd* 920 F.2d 536 (8th Cir. 1990)..................................7

*Big O Tire Dealers, Inc. v. Goodyear Tire & Rubber Co.*,
   561 F.2d 1365 (10th Cir. 1977) ....................................7

*In re C. Bard, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*,
   No. 2187, 2018 WL 4212409 (S.D.W. Va. Sept. 4, 2018) ....................................8

*C.P. Interests, Inc. v. Cal. Pools, Inc.*,
   238 F.3d 690 (5th Cir. 2001) ....................................5

*In re C.R. Bard, Inc.*,
   948 F. Supp. 2d 589 (S.D.W. Va. 2013) ....................................3

*In re C.R. Bard, Inc.*,
   MDL No. 2187, 2013 WL 11089794 (S.D.W. Va. July 1, 2013)..................................3

*In re C.R. Bard, Inc.*,
   MDL No. 2187, 2013 WL 3282926 (S.D.W. Va. June 27, 2013), *aff'd in part and rev'd in part by In re C.R. Bard, Inc., MDL No. 2187, Pelvic Repair Sys. Prods. Liab. Litig.*, 810 F.3d 913 (4th Cir. Jan. 14, 2016)..................................3

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993)....................................3, 6, 10

*Deckers Outdoor Corp. v. Australian Leather Pty Ltd.*,
   340 F. Supp. 3d 706 (N.D. Ill. 2018) ....................................9

*Flowers Bakeries Brands, Inc. v. Interstate Bakeries Corp.*,
   No. 1:08-CV-2376-TWT, 2010 WL 3075318 (N.D. Ga. Aug. 4, 2010) ....................................7

*In re Fosamax Prods. Liab. Litig.*,
   645 F. Supp. 2d 164 (S.D.N.Y. 2009)....................................8

*Heartland Corp. v. Sifers*,
    No. 02-CV-2136, U.S. Dist. LEXIS 13581 (D. Kan. July 12, 2002) .......................................7

*Hines v. Wyeth*,
    No. 2:04-0690, 2011 WL 2680842 (S.D.W. Va. July 8, 2011) ................................................3

*Hines v. Wyeth*,
    No. 2:04-0690, 2011 WL 2730908 (S.D.W. Va. July 13, 2011) ..............................................3

*Int'l Mkt. Brands v. Martin Int'l Corp.*,
    882 F. Supp. 2d 809 (W.D. Pa. 2012)......................................................................................7

*K.E.L.K. Corp. v. CCA Indus., Inc.*,
    No. 8:18-cv-644-T-30JSS, 2019 WL 3854781 (M.D. Fla. May 21, 2019) .............................4

*Olympia Grp., Inc. v. Cooper Indus., Inc.*,
    No. 5:01-CV-423, 2003 WL 25767444 (E.D.N.C. Apr. 17, 2003) ..........................................6

*Petri v. Va. Bd. of Med.*,
    No. 1:13-cv-01486, 2014 WL 5421238 (E.D. Va. Oct. 23, 2014) ...........................................5

*Ronaldo Designer Jewelry, Inc. v. Cox*,
    No. 1:17-CV-2-DMB-DAS, 2020 WL 1124599 (N.D. Miss. Mar. 6, 2020) ...........................4

*Sam's Wines & Liquors, Inc. v. Wal-Mart Stores, Inc.*,
    No. 92 C 5170, 1994 WL 529331 (N.D. Ill. Sept. 27, 1994).....................................................8

*Scentsational Techs., LLC v. Pepsi, Inc.*,
    No. 13-cv-8645 (KBF), 2018 WL 1889763 (S.D.N.Y. Apr. 18, 2018)................................3, 9

*Smart Vent, Inc. v. USA Floodair Vents, Ltd.*,
    193 F. Supp. 3d 395 (D.N.J. 2016) ..........................................................................................4

*Sterling Acceptance Corp. v. Tommark, Inc.*,
    227 F. Supp. 2d 454 (D. Md 2002), *aff'd*, 91 F. App'x 880 (4th Cir. 2004) ...........................7

*U.S. v. Dorsey*,
    45 F.3d 809 (2012)..................................................................................................................10

*United States v. Wilson*,
    484 F.3d 267 (4th Cir. 2007) ...............................................................................................3, 4

*Westberry v. Gislaved Gummi AB*,
    178 F.3d 257 (4th Cir. 1999) ..............................................................................................9, 10

*YETI Coolers, LLC v. RTIC Coolers, LLC*,
    No. A-15-CV-597-RP, 2017 WL 404281 (W.D. Tex. Jan. 27, 2017)......................................6

**Other Authorities**

Fed. R. Evid. 702 ................................................................................................................4

Plaintiff CFA Institute submits this Reply in Support of its Motion to Exclude the Testimony of Defendants'[1] purported expert Rany Simms (Dkt. No. 83) and preclude him from testifying at trial.

## PRELIMINARY STATEMENT[2]

Plaintiff CFA Institute has moved to exclude the opinions of Rany Simms, a purported expert proffered by Defendants. In its Motion, CFA Institute demonstrated that Judge Simms does not offer testimony on issues relevant to this case, and fails to offer any opinions in his Report, instead presenting an improper factual narrative. Judge Simms also improperly infers the state of mind of the examining attorneys at the USPTO and the alleged thinking of CFA Institute, and Judge Simms' status as a former U.S. Trademark Trial and Appeal Board ("TTAB") judge raises the danger that a factfinder will give undue weight to his testimony.

Defendants spend 23 pages of briefing advocating the admission of a purported expert that offers no opinions in his Report. In Opposition to the Motion (Dkt. No. 107), Defendants attempt to circumvent these flaws by arguing that expert testimony on U.S. Patent and Trademark Office ("USPTO") practice is generally admissible and helpful, ignoring the context at issue here, and arguing that Judge Simms' "opinions" are highly probative of CFA Institute's trademark rights. Defendants improperly imply Judge Simms only discussed what USPTO Examining Attorneys and CFA Institute did and state, and improperly categorizes CFA Institute's arguments on the Court's gatekeeping role as "baseless." Tellingly, Defendants only briefly concern themselves with a fatal flaw in Judge Simms' testimony: Judge Simms fails to

---

[1] Defendants are the American Society of Pension Professionals & Actuaries ("ASPPA"), ASPPA d/b/a National Association of Plan Advisors ("NAPA"), and ASPPA d/b/a American Retirement Association's ("ARA") (ASPPA, NAPA, and ARA, collectively, "Defendants").

[2] Given the ample factual background in this case, CFA Institute has abstained from repeating it *in toto* here. The relevant facts are set forth in Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment (Dkt. No. 113).

offer a single opinion in his Report. For these reasons, Judge Simms' testimony should be excluded in its entirety.

**ARGUMENT**

**A.    JUDGE SIMMS' PROPOSED TESTIMONY ON TTAB AND USPTO PRACTICE FAILS TO OFFER ANY OPINIONS ON THE ISSUES IN THIS CASE**

The most striking aspect of Defendants' opposition is their fleeting discussion of the "opinions" that Judge Simms purportedly makes in his expert report. Although Defendants note that an expert is "allowed to tie facts to specific opinions supported by those facts" (Opp. at 13), Defendants' identification of Judge Simms' opinions is lacking. Defendants' arguments that expert opinions on USPTO practice and procedure are regularly recognized as helpful (Opp. at 13-18) necessarily fail because Judge Simms fails to offer *any* opinion in his Report.

Defendants fail to identify any opinion made by Judge Simms in his Report, despite noting that Judge Simms "opines" on aspects of the USPTO. (Opp. at 1, 4, 16, 20.) Defendants further note that Judge Simms "provides the necessary context for various issues (Opp. at 5), "provide necessary foundation for his opinions on USPTO practice and procedure" (Opp. at 6), and "provides meaningful discussion" on various "points" (Opp. at 11), yet Defendants never describe what statements constitute Judge Simms' opinions. Defendants' quotation of Judge Simms from his deposition makes clear that he never expressly offered an opinion in his Report. (Opp. at 16; *see also* Dkt. 91, Nading Decl., Ex. 9 (Simms Dep. Tr.) 76:10-15 ("As far as offering an opinion that says, oh, plaintiff's mark is weak because there are a number of third-party registrations here, there are a plethora of them, *I never came outright and stated that*, but I did certainly make that implication[.]") (emphasis added).) Mere "implication" falls far short of the requirement that an expert must in fact offer an opinion, not solely factual narrative.

2

As previously noted in CFA Institute's Motion to Exclude, a proposed expert may not offer "lengthy factual narrative[s]," although they may and should present the factual bases for their expert opinions. *In re C.R. Bard, Inc.*, 948 F. Supp. 2d 589, 646 (S.D.W. Va. 2013)[3] (granting in part plaintiffs' motion to exclude factual narratives, but denying motion to the "extent that they may present the bases for their expert opinions"). Judge Simms "merely regurgitates factual information" that is "better presented directly to the jury rather than through the testimony of an expert witness." *See Hines v. Wyeth*, No. 2:04-0690, 2011 WL 2680842, at *5 (S.D.W. Va. July 8, 2011), *reconsidered Hines v. Wyeth*, No. 2:04-0690, 2011 WL 2730908, at *2 (S.D.W. Va. July 13, 2011). While the court in *Hines* ultimately allowed the party's expert to testify, any opinion offered was "predicated upon her understanding of the relevant regulatory requirements," *Hines v. Wyeth*,[4] 2011 WL 2730908, at *2, and she could not "simply construct a factual narrative based upon recorded evidence[.]" *Id.*; *see also Scentsational Techs., LLC v. Pepsi, Inc.*, No. 13-cv-8645 (KBF), 2018 WL 1889763, at *4 (S.D.N.Y. Apr. 18, 2018) (excluding one purported expert's testimony in its entirety where it constituted improper factual narrative and restated another expert's opinions); *United States v. Wilson*, 484 F.3d 267, 274 (4th

---

[3] Although Defendants claim in their Opposition that CFA Institute "fail[ed] to disclose . . . that the case was clarified (and a *different* result was reached)," Defendants misconstrue the nature of these later orders and the applicable standards. In the two orders cited by Defendants, the court did not consider the parties' motions to exclude experts under the *Daubert* standard, but instead considered motions in limine to exclude types of evidence. *See In re C.R. Bard, Inc.*, MDL No. 2187, 2013 WL 3282926 (S.D.W. Va. June 27, 2013), *aff'd in part and rev'd in part by In re C.R. Bard, Inc., MDL No. 2187, Pelvic Repair Sys. Prods. Liab. Litig.*, 810 F.3d 913 (4th Cir. Jan. 14, 2016); *In re C.R. Bard, Inc.*, MDL No. 2187, 2013 WL 11089794 (S.D.W. Va. July 1, 2013). The court noted that its rulings not to exclude expert opinions meant that "they may still be excluded under Rule 403 or some other evidentiary rule." *In re C.R. Bard, Inc.*, MDL No. 2187, 2013 WL 11089794, at *2 (S.D.W. Va. July 1, 2013). Thus the court's decision to later exclude evidence related to the FDA 510(k) process under Rule 403, in considering the parties' motions in limine, was consistent with its previous *Daubert* ruling. *Id.*

[4] The court held that the party's expert was still "subject to the limitations set forth in the July 8 memorandum opinion and order." *See Hines v. Wyeth*, No. 2:04-0690, 2011 WL 2730908, at *3 (S.D.W. Va. July 13, 2011).

Cir. 2007) (quoting Advisory Committee notes to Fed. R. Evid. 702) (noting experiential expert testimony, as opposed to scientific testimony, requires an expert to "explain how [his] experience leads to the conclusion reached, why [his] experience is a sufficient basis for the opinion, and how [his] experience is reliably applied to the facts"). Just as a police officer must explain how experience with specific code words and language used in drug transactions informs his or her opinions, Judge Simms must explain how his experience with the USPTO informs his opinions because the "court's task in examining the reliability of experiential expert testimony is . . . somewhat more opaque" than scientific testimony. *United States v. Wilson*, 484 F.3d at 274. Here, Judge Simms fails to meet even that basic requirement because Judge Simms offers an improper factual narrative, devoid of any concrete opinion.

Defendants' out-of-circuit cases allowing an expert to provide a factual foundation for an opinion are inapposite because an expert must actually offer an *opinion. See Ronaldo Designer Jewelry, Inc. v. Cox*, No. 1:17-CV-2-DMB-DAS, 2020 WL 1124599, *6 (N.D. Miss. Mar. 6, 2020) (emphasis added) (noting "challenged sections of Holt's *opinion* are presented as foundations for her opinion" and expert "may not present facts at trial for the purpose of describing what took place"); *K.E.L.K. Corp. v. CCA Indus., Inc.*, No. 8:18-cv-644-T-30JSS, 2019 WL 3854781, at *4 (M.D. Fla. May 21, 2019) (declining to exclude testimony at that stage because expert opined, for instance, that a "'family of marks' has a greater value than the combined values of individual marks" and opined on the likelihood of successful re-registration); *Am. Cruise Lines, Inc. v. HMS Am. Queen Steamboat Co. LLC*, No. 13-cv-324, 2017 WL 3528606, at *7 (D. Del. Aug. 16, 2017) (emphasis added) (noting expert "ties factual accounts to *specific opinions they support*"); *Smart Vent, Inc. v. USA Floodair Vents, Ltd.*, 193 F. Supp. 3d 395, 412-413 (D.N.J. 2016) (noting facts were tied to a "prototypical expert opinion" provided

by expert); *C.P. Interests, Inc. v. Cal. Pools, Inc.*, 238 F.3d 690, 697 (5th Cir. 2001) (reviewing decision to admit testimony for plain error in considering whether expert improperly offered legal conclusions at trial); *Bausch & Lomb, Inc. v. Alcon Labs., Inc.*, 79 F. Supp. 2d 252, 256-57 (W.D.N.Y. 2000) (describing, for instance, basis for expert's "opinion on certain claim language . . . that he believes constitutes 'new matter'").  Because Judge Simms' description of USPTO practice and procedures does not culminate in any conclusion or opinion, but instead constructs a factual narrative, his testimony should be excluded.

**B.      JUDGE SIMMS' PROPOSED TESTIMONY ON TTAB AND USPTO PRACTICE IS NOT RELEVANT TO THIS CASE AND DEFENDANTS' ARGUMENTS THAT SUCH TESTIMONY IS "GENERALLY ADMISSIBLE" AND "HIGHLY PROBATIVE" ARE INAPPLICABLE**

The practice Judge Simms describes before the USPTO does not assist the factfinder in determining the likelihood of confusion between Defendants' infringing CPFA mark and Plaintiff's CFA Marks. While USPTO practice and procedure relates to trademark applications and registrations before the USPTO and the function of the USPTO generally, Judge Simms' proposed testimony does not apply this knowledge to the real-world likelihood of confusion analysis between the marks at issue here. *See Petri v. Va. Bd. of Med.*, No. 1:13-cv-01486, 2014 WL 5421238, at *2, 4 (E.D. Va. Oct. 23, 2014) (barring testimony that does not assist trier of fact in determining any issue or making a material fact more or less probable). Defendants' arguments that testimony on USPTO practice and procedure is generally admissible (Opp. at 8-9), and that Judge Simms' so-called opinions are probative of the issues in this case (Opp. at 9-12), are inapposite.  The factfinder does not need Judge Simms' "foundation" here, as one does not have to be an attorney to file a trademark application or appear before the TTAB. (*Cf.* Opp. at 15.) And contrary to Defendants' assertion, this is not the very type of "trademark esoterica" that Judge Simms can assist the factfinder in understanding. (*Cf. also* Opp. at 15.)

As previously noted, Defendants' misconstrue the core issue in this case, which is Defendants' use of a four-letter mark, CPFA, and whether it is confusingly similar to the CFA Marks. (Compl. at 11, ¶ 39 ("Defendants recently adopted and began using the alleged mark CPFA ('Infringing Mark') . . . ."); Compl. at 14, ¶ 48 ("Defendants use and intend to use the Infringing Mark without the authorization of CFA Institute, thereby confusing consumers as to the source of the goods and services and resulting in damage and detriment to CFA Institute and its reputation and goodwill, and harm to its authorized CFA charterholders.").) Defendants' applied-for logo mark prominently incorporates the infringing CPFA Mark together with another letter mark, words, and designs. Judge Simms' discussion of practices and events before the USPTO, therefore, does not assist the factfinder in determining the likelihood of confusion between Defendants' infringing CPFA mark and Plaintiff's CFA Marks.

Despite Defendants' arguments that expert testimony on USPTO practice and procedure is generally admissible (Opp. at 8-9), the sole case in the Fourth Circuit cited by Defendants noted that attorneys are regularly admitted to provide expert testimony and did not expressly discuss any proposed testimony on USPTO practice. *See Olympia Grp., Inc. v. Cooper Indus., Inc.*, No. 5:01-CV-423, 2003 WL 25767444, at *1 (E.D.N.C. Apr. 17, 2003) (denying plaintiff's motion to exclude trademark attorney). Because the court in *Olympia Group* did not clarify the relevance of USPTO practice or even mention the USPTO, it is of limited relevance here. As to Defendants' cases outside of the Fourth Circuit, the proposed experts actually offered *opinions* and their testimony was admissible only to the extent relevant to the underlying issues. *See, e.g.*, *YETI Coolers, LLC v. RTIC Coolers, LLC*, No. A-15-CV-597-RP, 2017 WL 404281, at *1 (W.D. Tex. Jan. 27, 2017) (construing *Daubert* motion as motion in limine and declining to decide before trial whether proposed expert's opinions—whether trade dress in plaintiff's application

acquired distinctiveness and was not functional and whether use of broken lines in trade dress in application precluded plaintiff from asserting trade dress rights before USPTO—were admissible); *Alyn v. S. Land Co.*, No. 3:15-CV-00596, 2016 WL 7451546, at *5 (M.D. Tenn. Dec. 28, 2016) (expert opined that disputed mark was a "geographically descriptive term," was material, and party's misrepresentation to USPTO was fraudulent).

Despite Defendants' insistence that Judge Simms' proposed testimony is probative of the issues in this case, Defendants' various out-of-circuit cases similarly miss the mark, and either discuss trademark experts generally or considered USPTO practice closely related to the underlying issues. *See Int'l Mkt. Brands v. Martin Int'l Corp.*, 882 F. Supp. 2d 809, 816-19 (W.D. Pa. 2012) (striking six of ten sections of expert's report and failing to discuss USPTO practice); *Big O Tire Dealers, Inc. v. Goodyear Tire & Rubber Co.*, 561 F.2d 1365 (10th Cir. 1977) (noting only that court did not abuse its discretion in allowing trademark law expert to testify); *see also Heartland Corp. v. Sifers*, No. 02-CV-2136, U.S. Dist. LEXIS 13581, at *8  (D. Kan. July 12, 2002) (noting in passing, without discussing grounds for admissibility, that expert recreated search logic); *Best Buy Warehouse v. Best Buy Co.*, 751 F. Supp. 824, 826 (W.D. Mo. 1989), *aff'd* 920 F.2d 536 (8th Cir. 1990) (expert opined phrase could not be afforded trademark protection in considering whether term was generic); *Flowers Bakeries Brands, Inc. v. Interstate Bakeries Corp.*, No. 1:08-CV-2376-TWT, 2010 WL 3075318, at *2-3 (N.D. Ga. Aug. 4, 2010) (barring speculative testimony on whether Examining Attorneys followed correct procedure as irrelevant). The only case cited by Defendants within the Fourth Circuit does not discuss USPTO practice. *Sterling Acceptance Corp. v. Tommark, Inc.*, 227 F. Supp. 2d 454 (D. Md 2002), *aff'd*, 91 F. App'x 880 (4th Cir. 2004) (considering evidence of other registrations on USPTO online database).

And none of the cases cited by Defendants support the proposition that Judge Simms' testimony about USPTO practices and procedures related to an application for registration of ARA's applied-for logo mark is relevant to the likelihood of confusion analysis between the CPFA Mark and the CFA Marks. *Contra Sam's Wines & Liquors, Inc. v. Wal-Mart Stores, Inc.*, No. 92 C 5170, 1994 WL 529331 (N.D. Ill. Sept. 27, 1994) (denying motion to exclude where expert would "explain how these procedures, customs, and the like bear upon resolution of the factual issues at bar").

## C.     JUDGE SIMMS' IMPROPERLY INFERS STATE OF MIND

Judge Simms' testimony must be excluded to the extent it improperly infers state of mind of regulatory actors or third-parties. Courts have consistently held that expert witnesses may not infer the states of mind of varied private and regulatory actors. *See, e.g.*, *In re C. Bard, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2187, 2018 WL 4212409, at *3 (S.D.W. Va. Sept. 4, 2018) (granting in part motion to exclude opinions related to defendant company's "knowledge, state of mind, or other matters related to corporate conduct"); *In re Fosamax Prods. Liab. Litig.*, 645 F. Supp. 2d 164, 192 (S.D.N.Y. 2009) (excluding expert's testimony as to "the knowledge, motivations, intent, state of mind, or purposes of Merck, its employees, the FDA, or FDA officials"). Because Judge Simms' testimony as to USPTO Examining Attorneys' or CFA Institute's frame of mind is not grounded in his expertise, it is "not a proper subject for expert or even lay testimony." *Id.* at 192 (noting expert's "regulatory expertise does not give her the ability to read minds").

To the extent that Simms "opines as to what the USPTO Examining Attorney *did* and *stated*, not what the USPTO Examining Attorney was *thinking*" (Opp. at 20), Simms regurgitation of the Examining Attorney's actions constitute an improper factual narrative. Information of this type, such as actions reflected in trademark prosecution file histories, is better

presented to the finder of fact. *See, e.g., Scentsational Techs., LLC v. Pepsi, Inc.*, 2018 WL 1889763, at *4 (noting it is "inappropriate for experts to act as a vehicle to present a factual narrative of interesting or useful documents for a case, in effect simply accumulating and putting together one party's 'story'"). Defendants undermine their position, however, by highlighting Judge Simms' consideration of the thought processes of the USPTO Examining Attorneys, specifically "the reasonableness of the USPTO Examining Attorney's search strategy for similar marks[.]" (Opp. at 20-21.) Evaluating the reasonableness of the search strategy deployed by the USPTO necessarily involves the Examining Attorneys' state of mind.

Judge Simms also improperly infers the thinking of CFA Institute in an unrelated TTAB opposition proceeding, and any experience that Judge Simms possesses does not grant him the "ability to read minds" or to otherwise infer the motives or thinking of the Examining Attorneys, CFA Institute, or any other regulatory or private actor. For CFA Institute in particular, Defendants do not explain why an expert is required to characterize CFA Institute's prior statements in unrelated proceedings to the USPTO. *Contra Deckers Outdoor Corp. v. Australian Leather Pty Ltd.*, 340 F. Supp. 3d 706, 717 (N.D. Ill. 2018) (considering expert evidence to determine significance of notation made by Examining Attorney on trademark application and determine party's answer to question posed by Examining Attorney).

### D.  A FACTFINDER MAY GIVE UNDUE WEIGHT TO JUDGE SIMMS' TESTIMONY AS A FORMER TTAB JUDGE AND THE COURT MAY PROPERLY BAR TESTIMONY AS A GATEKEEPER

Defendants misconstrue the nature of CFA Institute's arguments, and Defendants argue without any basis that CFA Institute should have designated its own USPTO rebuttal expert to address its concerns. The Court "exercises a gate keeping function" in assessing the reliability and relevance of an expert's testimony. *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999) (finding sufficient reliability of expert's opinion where expert used standard

diagnostic tool and testimony was relevant to case at hand). This inquiry is "a flexible one," *id.* (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592 (1993)), and the court may exclude "proffered evidence that has a greater potential to mislead than to enlighten should be excluded." *Westberry v. Gislaved Gummi AB*, 178 F.3d at 261 (citing *U.S. v. Dorsey*, 45 F.3d 809, 815 (2012) (finding district court did not abuse its discretion in excluding expert testimony where court was concerned it "would confuse and mislead the jury"). Judge Simms offers testimony that is only tangentially connected to the facts at issue in this case, and the trier of fact may give undue weight to Judge Simms' status as a former TTAB judge. Because Judge Simms' background heightens the risk that the trier of fact will be misled by his testimony, this Court may appropriately exclude his testimony.

## CONCLUSION

For all of the reasons set forth herein, CFA Institute respectfully reiterates its request that its Motion to exclude the testimony and opinions of Rany Simms be granted in its entirety.

Dated:   July 1, 2020                              DLA Piper LLP (US)

                                                 /s/ John M. Nading
                                                 Ben Boyd (VA Bar No. 28427)
                                                 Ann K. Ford (*admitted pro hac vice*)
                                                 John M. Nading (*admitted pro hac vice*)
                                                 500 8th Street, NW
                                                 Washington, DC 20004
                                                 Telephone: 202-799-4000
                                                 Facsimile: 202-799-5000
                                                 benjamin.boyd@dlapiper.com
                                                 ann.ford@dlapiper.com
                                                 john.nading@dlapiper.com

                                                 *Attorneys for Plaintiff CFA Institute*